14 F.3d 613
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 C & F PACKING COMPANY, INC., Plaintiff-Appellant,
v.
H & M FOODS SYSTEMS CO., INC., Defendant-Appellee.
 No. 93-1508.
 United States Court of Appeals, Federal Circuit.
 Nov. 23, 1993.
 
 Before NIES, Chief Judge, PLAGER and CLEVENGER Circuit Judges.
 ON MOTION
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 H & M Foods Systems Co., Inc. moves to dismiss C & F Packing Company, Inc.'s appeal. C & F Packing opposes. C & F Packing responds to our court's October 26, 1993 order. H & M Foods replies to C & F Packing's response. C & F Packing files a surreply.
 
 
 2
 This matter stems from C & F Packing's 1988 and 1993 infringement actions against H & M Foods in the United States District Court for the Northern District of Illinois. The parties settled the 1988 action on August 8, 1989 through the entry of a "Consent Judgment Order." The consent judgment stated that the parties had entered into a licensing agreement and barred H & M Foods from infringing the claims of C & F Packing's patent in the absence of a license.
 
 
 3
 The licensing agreement remained in effect until May 6, 1993. At that time, C & F Packing terminated its license to H & M Foods on the ground that H & M Foods had failed to make payments under the agreement. C & F Packing filed a second action in Illinois district court for breach of contract, patent infringement and enforcement of the consent judgment. In its prayer for relief, C & F Packing requested a finding of contempt for violation of the consent judgment. In the "General Allegations" section of its complaint, C & F Packing sought a judgment of infringement, damages, and an injunction "prohibiting further infringement and further violation of the Court's order dated August 8, 1989."
 
 
 4
 H & M Foods moved for a change of venue pursuant to 28 U.S.C. Sec. 1404(a) for the convenience of the parties and witnesses. On July 6, 1993, the Illinois district court granted H & M Foods' motion and transferred the action to the United States District Court for the Northern District of Texas. C & F appealed the transfer order here.
 
 
 5
 After it appealed, C & F Packing filed a motion in the Illinois district court under the 1988 docket number "to show cause why H & M Foods should not be held in contempt" of the consent judgment. H & M Foods moved to dismiss or to stay the contempt action. On October 20, 1993, the district court stayed C & F Packing's contempt proceeding pending resolution of the infringement action.
 
 
 6
 H & M Foods moves to dismiss the appeal of the transfer order, arguing that the district court's order is interlocutory and not appealable. In response, C & F Packing argues that the order is appealable as an order effectively denying an injunction. 28 U.S.C. Sec. 1292(a)(1), (c)(1); Woodard v. Sage Products, Inc., 818 F.2d 841, 842 (Fed.Cir.1987) (in banc) (in order to be appealable under Sec. 1292(a)(1), appellant must show that an order having the effect of granting or denying an injunction will have "serious, if not irreparable, consequence"). C & F Packing argues that the Illinois district court's stay may delay enforcement of the contempt order "for years" and that the transfer order has thus caused C & F "immediate and irreparable harm by preventing the prompt and efficient enforcement of its prior order." H & M Foods disagrees arguing that the contempt action remains alive in the Illinois district court, albeit stayed, and that, if necessary or appropriate, C & F Packing may pursue its contempt action after the Texas action is over.
 
 
 7
 Even assuming that the transfer order effectively denied an injunction, C & F Packing has failed to show that serious or irreparable consequences will ensue in the absence of immediate appeal of the Illinois district court's order. The Illinois district court retained jurisdiction over C & F Packing's contempt action, choosing to stay, rather than dismiss, the matter as H & M Foods had requested. The district court stayed the contempt action because it determined that a decision on infringement was a necessary predicate to any enforcement of the consent judgment.
 
 
 8
 C & F Packing has not persuaded us that the postponement of C & F Packing's contempt action causes irreparable consequences. See Carson et al. v. American Brands, Inc., 450 U.S. 79, 85-87 (1981) (irreparable harm results from a denied opportunity to obtain injunctive relief rather than a mere delayed or postponed opportunity). Further, C & F Packing may pursue its infringement action and any concomitant injunctive relief in the Texas district court.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) H & M Foods' motion to dismiss C & F Packing's appeal is granted.
 
 
 11
 (2) Each side shall bear its own costs.